May I please the Court, Scott Wiener, San Francisco City Attorney's Office for Appellant. And I'd like to reserve two minutes for rebuttal. Okay. We also asked both counsel to respond to certain cases that we sent out that had to do with the issue of intent on probable cause. Yes, Your Honor. And before I get to that, I think, as the Court knows, that in assessing qualified immunity, you start with whether there was a constitutional violation and then move to whether the law was clearly established such that a reasonable officer would have been aware that the conduct was unconstitutional. I'd like to start with the second part because, in my mind, it's a much more straightforward part about whether it was clearly established, assuming that you needed evidence of intent to arrest, whether it was clearly established that you lacked probable cause without evidence of intent. And I think that regardless of where the Court comes out on whether you need evidence of intent in order to have probable cause under Section 472, and whether you look at the cases specifically relating to probable cause or the case law relating to specific versus general intent, however you analyze this issue of the intent requirement, it was not clearly established as of the time of this arrest. If you look at the – if you do, as I think you need to do under the Brousseau case from the Supreme Court, in assessing whether the law was clearly established, you have to look at factually or contextually similar cases. So in this situation, we would need to look at the cases that have specifically decided whether probable cause existed to arrest for violation of Section 472. There's an unbroken line of cases holding – Well, the cases are different on – what I felt that both counsel did a little bit in your arguments is you conflated the fact of, you know, what do you have to prove to be guilty of the crime as what is necessary for probable cause? I mean, the elements, yes, intent is an element, but what has to be present for probable cause? Because obviously if there's probable cause in this case, then the case becomes easier for you. Right. And our – well, if there's probable cause in the case, the case is – there's no case anymore because there's probable cause to arrest. And our position and what we argued in our briefs was that they did have probable cause because all you need to have probable cause in every case that's addressed probable cause as to 472 in the Ninth Circuit and elsewhere has affirmed probable – cases of probable – or has affirmed the existence of probable cause without there being any evidence of intent. Probable cause is based on the totality of the circumstances, correct? Yes. And the only circumstance that I could see in the record was the manager thought this might be counterfeit. And he put a pin on the bill and it said it's not counterfeit. So the only fact is a suspicion that a manager has. And that's sufficient to put the cuffs on someone and put them in a squad car? Your Honor, the manager, in addition to calling 911, informed the officers that he suspected that the bill was counterfeit and that he had compared the bill to another bill from the same year and believed it was counterfeit and it didn't match up. And that's undisputed because the manager said in his deposition he didn't remember one way or the other whether he made that statement. So the only evidence of that is what the police say, which is that he made that statement. But counsel, wasn't there evidence at least one or more of the police officers knew this man? They knew he lived in the neighborhood. They knew he had a responsible public position. And he stayed around in contrast to some of the cases that we asked you to look up. There was no attempt to flee. He used another $100 bill. So what specifically gave them probable cause? Well, Your Honor, probable cause I don't think has to do with whether they knew the person or whether the person was anywhere from the President of the United States down to a homeless person. What matters is the suspicion when, indeed, as Judge Carney pointed out, they found that the little light showed the bill was not counterfeit. That certainly would add to the fact that they knew who he was, was in the neighborhood, and would not otherwise be suspicious. Well, the pen also showed that the officer's notebook was good money. At the what? The officer tested the pen on his notebook, and it showed that the notebook was valid U.S. currency. Those pens are notoriously unreliable. So what they did rely on was a manager telling them that he thought that he had a suspicion it was counterfeit and that he had compared it to another bill of the same year. And if you look at the Ford case and the Bates case and the Blum case and a number of other cases that have addressed this issue, i.e., was there probable cause to arrest for Section 472, in all of those cases, a store manager or employee reports to the police that they believe it's counterfeit, identifies the person who passed it, the police look at it and agree that it looks counterfeit. They arrest, and the courts have uniformly held that that's enough to show probable cause under the Ninth Circuit cases and the Allison case and the Everett case as well. So whether or not they knew him or whether or not he was high up or out on the streets, they had probable cause under these cases to believe that it was counterfeit, and they had probable cause to arrest because these cases do not require and this is uniform in the circumstances where they do not require evidence of intent in order to arrest as opposed to convicting. Let me ask you this. Let's assume just for argument at this point that I accept that. And the district court said the officers that there was a, because there was no evidence of intent that therefore there was a triable issue, correct? Correct. All right. But let's assume that I accept your argument that there was probable cause. The officers didn't. This Mr. Rodis, I guess is that, is factually innocent. We know that now. All right. He's, you know, he cannot be convicted of this crime. It's a genuine bill, so that's the. But let's assume that based on the cases I accept that there was probable cause to arrest. There were a couple other things that happened that were sort of disturbing police conduct in the sense of one of the officers said something like, shame on you. Their Sergeant Barry apparently had had some negative dealings with Mr. Rodis. And what do I do with those in fitting them into the context of this argument? Your Honor, with respect to probable cause, it's a purely 100% objective determination. The Supreme Court reiterated that recently in the Devon case, which we cited. It's purely subjective. It does not matter what was going through the officer's mind. If facts exist to support probable cause, it doesn't. If the officer was hated, the person had horrible motives. If they had the facts in their possession to support probable cause, then probable cause exists and there's no claim. You could have the nicest officer in the world who lacks probable cause because some fact is missing, and then that's a violation. So it's not a subjective standard. Now, of course, we dispute those contentions. Officer Lytica denied that she made that statement, and the interaction between the two was seven years. Okay, but if they're relevant and they go into the probable cause component, then it could make it a tribal issue. But you're saying they're not relevant? It's completely irrelevant. Relevant to that component? As to probable cause, it's irrelevant. And, again, the Supreme Court case in Devon Peck a few years back reiterated that what's in the officer's head is not relevant. What matters is the facts that he knows about the alleged crime. Well, the alleged crime is the problem I'm having with this case. It was reported this man was passing a bill. Looked on. They checked it. It checked out. Then they checked it with the little light. It had checked out. What else did the officers have at that point? Well, the officers didn't check it. It was the store manager who checked it. He reported it to the officers. And the officer tested the pen and showed that his notebook was good paper. Again, under the long line of Ninth Circuit and other cases, probable cause cases, as to 472, the report of suspicion by a store clerk, examination by the officer, identification of the person who passed it, that's enough for probable cause. Ford, Bates, Blum, Allison, Everett, it's an unbroken line of cases. And there are no cases holding to the contrary. Aren't you overstating those cases a little bit? I mean, if I go into In-N-Out Burger and I give them a 20 or a 50, and I don't know if you've ever had that happen to you, but I've had, and they look at it and then they show it to their manager, they have a suspicion this might be counterfeit. You're telling me that they can put the handcuffs on me and put me in the squad car? If they report to the police that they believe it is counterfeit, the police inspect it and believe it looks counterfeit, then that is probable cause under these cases. And the Everett case specifically stated you don't need evidence of intent. The Bates, Blum, Ford, and Allison cases all affirm, they state all the facts, and it doesn't include any evidence of intent, and they affirm probable cause. But Everett specifically says you don't need evidence of intent. All you need is the passing of a counterfeit bill and identification of the person who passed it. And that's what these cases have in one case explicitly and then implicitly because of the law. Okay, but this isn't a counterfeit bill. We know that now. So does that at all come into the, does that matter? No, because what matters is the facts that the officers had at the time, and we did have what was admittedly an odd bill that they believed was, and that they inspected and believed was counterfeit. They had a manager tell him that he compared it to a bill from the same year, thought it was counterfeit. So what matters is the facts they knew at the time, and the law is clear that even if you turn out to be innocent, you're never charged, you're acquitted by a jury, you're stipulated to be factually innocent, that doesn't affect whether the officers in the field had probable cause at the moment that they arrested. And whether or not the court concludes that there was a constitutional violation here, I don't think there was, given this precedent. If there was, the law was absolutely not even close to clearly establish that you need evidence of intent in order to have probable cause to arrest for Section 472. Okay. Well, I have a question to you about Everett. Everett is a very short case, and we don't have a lot of facts from Everett. I mean, the court didn't explain. It did say the passing of a counterfeit note coupled with the identification of the person who passed the note furnishes probable cause. We don't know the note is counterfeit in this case. Well, you never know whether the court, I mean. Well, Everett doesn't explain how it knew that there was a passing of a counterfeit note, so I don't think that case is a very strong case for you. Well, for example, Your Honor, in Bates and Ford and Blum, again, all they had was a store person telling them, I think it's counterfeit, and the officer believing it was counterfeit. It doesn't say suspicion of a counterfeit note. Everett says the passing of a counterfeit note. Well, that counterfeit note, counterfeit is one element of 472 that has to be proven at trial. For probable cause to arrest, even if it turns out not to be counterfeit, if there was probable cause to believe that it was counterfeit, then there was no violation. That's not what Everett says, however. In all of those cases, though, all the officers had were exactly what these officers had, the store manager. How do we know that? The facts aren't stated in Everett. In Everett, I believe that there was a store person that called the police. No. None of that is in the opinion. Okay. Well, in Bates and Ford and Blum. I had a two-paragraph opinion. Okay. And I was reading all these opinions trying to find comparable facts, and you said Everett was your best case, and I'm asking why. No, I was saying Everett is the only case that affirmatively states that you don't need evidence of intent in order to arrest for 472. Blum and Ford and Bates all allow for an arrest based on a report from a store employee and the officer's inspection of the bill and identification of the person. There are no facts listed in those cases supporting evidence of intent at the time of arrest, but they validated the arrest. So Blum, Ford, Blum, and Allison and several other cases, they're all cases, as you would expect, where a store person calls the police. And, in fact, in the Trotter case from the Seventh Circuit, they actually have a quote that we put in our brief about the misgivings of a bartender is enough to support probable cause, because it's reasonable to rely on someone who's dealing with money all the time. These officers are not experts in currency. That's why what they did here is they called Secret Service. They called the experts, which is what they're trained to do, and they promptly released them as soon as Secret Service got back to them. But, again, whatever the court's conclusion about the constitutionality, because there are no cases that say that you have to have evidence of intent in order to arrest for Section 472, it could not have been clearly established. These officers, there was no law that was telling them you need evidence of intent to arrest for Section 472, nothing that would have instructed them on that. In fact, the cases either state in the case of Everett or strongly suggest in the other cases that you don't need evidence of intent. And if the Court decides to go a different way from those cases, because I'll be the first to admit, there's not any kind of careful analysis in any of these cases, including the specific versus general intent cases. Everything seems to be assertive.  Kagan. Mushi is the word that I use. Yes. I assume this Court will fix that. But it was clearly there are cases for specific general intent, cases going both ways. For the actual probable cause for 472 cases, which are the cases that Brousseau would require this Court to focus on in determining qualified immunity, the cases all go in our favor in terms of affirming probable cause without evidence of intent. And then with respect to the general versus specific intent, that's not, those aren't the cases that should affect the qualifications. We're out of time, but if either of the judges want any more, I will certainly give you more time. I've had enough. Okay. I think we've had enough. Thank you. Good morning. I have the privilege of representing Mr. Rodel Rodas, who you know was an elected public official in San Francisco, who was arrested on February 17, 2003 by the San Francisco police when he attempted to purchase goods at his local Walgreens store with a $100 bill that was genuine. He was handcuffed, taken to the police station. There is no dispute that there are no facts before this Court or before the trial court that indicated that the police did anything whatsoever to determine whether or not Mr. Rodas attempted to pass a bill that he knew was counterfeit or that he intended to deceive anybody. This Court, in the cases that it has referenced, and the history of the cases issued by the Ninth Circuit, make it absolutely clear that the reason intent is necessary to be established for probable cause or for conviction is to differentiate between innocent conduct, merely passing a bill for the purchase of goods, versus criminal conduct. Let me kind of have you go right to it. I think everyone here would say this is very unfortunate, and it would be a horrible nightmare for anyone, obviously, under those circumstances. But probable cause is not the same as whether someone's guilty of something. Your client is not guilty. I mean, he's factually innocent. We know that. It wasn't and – but people are – there are cases out there. People are arrested for things that they didn't do sometimes, and it turns out to be wrong. But in not all of those cases is probable cause negated. So here, you know, tell me why there wasn't probable cause here. In cases that you're referencing. I mean, they're wrong. The officers are wrong. Mistake. No doubt about it. Everything wrong. And they could – if you look at it, they could have been nicer to him. They probably – there's a million different ways they could have handled it. They could have let him go. They could have completed their report, contacted the Secret Service, you know, and then they could have submitted it to the DA. They could have done many different things that didn't involve what they did. Yes. But it's still – we still have to get back to if they had probable cause to arrest him. Yes. Then it's a bad thing that happened that qualified immunity doesn't provide a remedy for. You cannot have probable cause to arrest someone if you conduct absolutely no investigation into a critical element of the crime. That is the issue of intent. How can you have probable cause to arrest somebody for passing a – intentionally passing a counterfeit. Well, but intent's always going to be tricky under the law, even when people try cases, because people don't – you know, people don't specifically say, oh, I intend to do this. Yes. But there is no evidence. There is – the evidence admits that there was no investigation whatsoever of any kind to determine the issue of intent. This is not where the – I guess – let me just say – let's say if the bill had been false. Okay, let's say that it really was. Okay. And then he's having his trial. And at the end of the prosecution's case, what happened was he, you know, presented it, and it turns out to be false. And you asked the court to, you know, I want – you know, I want a directed verdict for the defendant. I don't think you would get it at that point. The fact that he presented it to buy things and it turned out to be false, I don't think that you would get it. And you would certainly not be able to say there wasn't probable cause to arrest him. Yes, Your Honor. So how do – the police got it wrong, made a mistake. But tell me why there wasn't probable cause. At the level of the directed verdict, we are similar to the level of the motion for summary judgment. There's disputed facts as to that issue, as to whether or not there was probable cause. And all that the person did there was presented, just like all that they did here. In terms of a directed verdict, yes. And what we're evaluating now on appeal is a motion for summary judgment. And each – your suggestion that my motion for a directed verdict would be denied would be because it would be – So it's enough – it would be enough to go to the jury on that. That's enough to show intent. So why isn't the fact that someone presented it here enough to show the intent that's necessary for probable cause? Two factors. One is – I mean, I don't like what happened here. Don't get me wrong, but I've got to wrestle with the law here. Case law makes it clear that intent is part of a crime. If this Court concludes that the police have the authority, without making any effort to determine whether or not there is innocent conduct or criminal conduct, and they can just arrest, then there is no protection for the innocent citizens who are attempting to make legitimate purchases in the city and county of San Francisco. You're talking about the totality of the circumstances here. Yes, ma'am. I didn't ask him a question. Not a word. They didn't pursue any investigation of why he was there and what he was buying. They knew he's an advocate, an attorney, an advocate in the community. They knew he's an elected public official. He was known in the community. The sergeant in control of the police scene knew him. This is not somebody who there's – It isn't as relevant to the totality of the circumstances. Absolutely. Under different circumstances, it may be that the passing of a counterfeit bill that turns out to be counterfeit, which is completely factually different than our case, might justify an arrest because the person has other counterfeit bills in their possession. Well, that was going to be my question. In those other cases, isn't there more than just a suspicious-looking bill? Isn't there some other suspicious factor, like the suspect's demeanor, such as he's got other bills coming out of his pocket, such as he's got a counterfeit device in his car or in his possession? Or when the police approach them, without any warning, the individual states – Flees or flees. Flees or states, are you here to talk to me about the bad currency? None of that is present. Those are the cases that the city relies upon, cases that are factually distinguishable. Judge Chesney made it clear that there was an absence of a complete record in those cases which would determine whether or not there was probable cause, whereas here we have a complete record. Okay, Judge Chesney said there was no evidence of intent, right? And that's why there was not probable cause. She said that as well as distinguishing the other cases relied upon by the city, yes. All right. What was – after we've talked about this, what was Judge Chesney said that it was clearly established? What was the support for that it was clearly established? Well, she established that the issue of specific intent was an element of the crime for which an investigation had to be conducted for their – She cited U.S. v. DeFillipolis in her statement, which was followed up by numerous other cases issued by this Ninth Circuit, which we've gone – which you've asked us to review and I'll be glad to address. And their specific intent is an element of the crime, and therefore no investigation being conducted on that issue. There was not probable cause based upon the totality of the circumstances to arrest. It was a well-established precedent of this circuit at the time of the arrest, and the officers are not as a matter of law entitled to qualify immunity on a motion for summary judgment. And she stated that in her opinion. She granted their motion in part on the issues of race discrimination, and based upon her decision and hopefully by this Court's affirming of it, we will go forward to the jury on the issue of whether or not there was a false arrest. And the jury will make a determination as to whether or not police officers in this instance falsely and wrongfully arrested an innocent man. Thank you. Thank you. Unless there's any further questions, the time has all been used, and this matter will stand submitted. Thank you both for your argument. Next on the calendar is Dennis Kern v. Clark County, 0515785. That matter, by order, has been submitted on the briefs and will stand submitted as of this date. Gerard Louis Vaccaro v. Carson City, 0515843. That matter has been submitted on the briefs and will stand submitted as of this date. Court is now in recess for the week. All rise. This Court in session stands recessed.
judges: D.W. Nelson, Callahan, Carney